UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

CRIMINAL ACTION NO. 22-CR-00136-DCR

UNITED STATES OF AMERICA                                                    PLAINTIFF

V.                                    **MOTION IN LIMINE**

SHERMAN KELVIN COMBS                                                       DEFENDANT

\* \* \* \* \*

The United States, through the undersigned Assistant United States Attorney, respectfully requests the Court to preclude the Defendant from arguing or presenting evidence regarding the constitutionality of 18 U.S.C. § 922(g)(8) as a potential defense to the materiality element under 18 U.S.C. § 922(a)(6) at trial in this matter. In support, the United States provides the following:

## BACKGROUND

On June 15, 2022, the Harrison County Family Court issue a domestic violence protective order (DVO) against the Defendant, Sherman Kelvin Combs. The order restrained the Defendant from committing any further acts of abuse or threats of abuse, stalking, or sexual assault, and further restrained him from any unauthorized contact with the petitioner of the DVO. The terms of the order further restricted the Defendant from possessing or purchasing firearms. The terms of the DVO were made effective until June 15, 2024.

1

On June 18, 2022, the Defendant purchased a Taurus .356 Magnum revolver from Sling Point Firearms (SPF) in Georgetown, Kentucky, in violation of the terms of the DVO. During the purchase, the Defendant completed ATF Form 4473 where he provided false information related to the existence of the active DVO. Specifically, the form asked the following question:

> Are you subject to a court order, including a Military Protection Order issued by a military judge or magistrate, restraining you from harassing, stalking, or threatening your child or an intimate partner or child of such partner?

The Defendant answer "No" to this question.

On June 27, 2022, a deputy with the Harrison County Sheriffs Office (HCSO) made contact with the Defendant at his home in Harrison County to serve a state arrest warrant. During the arrest, the deputy observed the Taurus .356 Magnum revolver in a holster on the Defendant's right hip.

On November 3, 2022, a federal grand jury returned an indictment charging the Defendant with a violation of 18 U.S.C. § 922(g)(8), possession of a firearm by a person subject to a domestic violence order, and 18 U.S.C. § 922(a)(6), making a false statement to a federally licensed firearms dealer. On January 6, 2023, the Defendant filed a motion to dismiss the indictment [DE # 23] asserting that 18 U.S.C. § 922(g)(8) was unconstitutional under the Second Amendment based upon the United States Supreme Court's decision in <u>New York Rifle and Pistol Ass'n v. Bruen</u>, 142 S.Ct. 2111 (2022). [DE # 23-1]. The Defendant further argued that the unconstitutionality of § 922(g)(8)

rendered the Defendant's false statement under § 922(a)(6) immaterial to the lawfulness of the sale as a matter of law. Id.

On February 2, 2023, the Court issued a Memorandum Opinion and Order [DE # 33] sustaining the Defendant's motion as to the constitutionality of § 922(g)(8) but denying the motion as to the § 922(a)(6) offense. Id. The United States has filed a Notice of Appeal as it relates to the Order. [DE # 35]. A pretrial conference is currently scheduled for February 15, 2023, in order to schedule a trial on the remaining § 922(a)(6) offense. [See DE # 33 and 34].

## ARGUMENT

Title 18 U.S.C. § 922(a)(6) provides:

> It shall be unlawful…for any person in connection with the acquisition or attempted acquisition of any firearm or ammunition from a…licensed dealer…knowingly to make any false or fictitious oral or written statement or to furnish or exhibit any false, fictitious, or misrepresented identification, intended or likely to deceive such…dealer…with respect to any fact material to the lawfulness of the sale or other disposition of such firearm or ammunition under the provision of this chapter.

To sustain a conviction under § 922(a)(6), the United States must prove beyond a reasonable doubt that "(1) the defendant knowingly made (2) a false or fictitious oral or written statement that was (3) material to the lawfulness of the sale or disposition of a firearm, and was (4) intended to deceive or likely to deceive a firearms dealer." United States v. Harvey, 653 F.3d 388, 393 (6th Cir. 2011). "[A] concealment or misrepresentation is material if it has a natural tendency to influence, or was capable of influencing, the decision of the decisionmaking body to which it was addressed." Kungys

3

v. United States, 485 U.S. 759, 770 (1988) (internal quotation marks omitted). "[W]hat is relevant is what would have ensued from official knowledge of the misrepresented fact." Id. at 775.

Regarding § 922(a)(6), "materiality" is focused on the circumstances that existed at the time the Defendant's false statement was made and not on a change in the law that occurred after the fact. For example, in Cassity v. United States, 521 F.2d 1320 (6th Cir. 1975), the Sixth Circuit held that a misrepresentation in violation of 18 U.S.C. § 922(a)(6) existed when a person attempted to purchase firearms from a licensed dealer and failed to disclose any felony conviction not yet set aside or invalidated. The Sixth Circuit "conclude[d] that Congress, in enacting § 922(a)(6), intended that a person convicted of a crime truthfully disclose that fact **when purchasing a firearm**, even if such conviction is later found to be constitutionally infirm, at least where the conviction has not prior thereto been declared invalid or otherwise set aside." Id. at 1322 (bold emphasis added). See also United States v. Fryer, 545 F.2d 11 (6th Cir. 1976); United States v. Enyinnaya, 774 F.2d 1164, 1985 WL 13769 (6th Cir. 1985) (finding that whether a challenged Tennessee statute was constitutional or not had no bearing on a violation of 18 U.S.C. § 922(a)(6) as **the false statement violation was completed when the ATF form was filled out** with false information) (bold emphasis added); United States v. Ransom, 545 F.2d 481, 484 (5th Cir. 1977) (holding that the fact that a defendant's conviction was later found to be invalid on constitutional grounds did "not obviate the penalty for failure to tell the truth about the conviction" as the defendant was

"require[d] to make a full disclosure **at the time of filing**" the form.") (bold emphasis added). Where there is a § 922(a)(6) offense based upon the existence of a DVO, "[t]he pertinent question is whether [the defendant] knowingly made a false statement as to whether he was subject to <u>any</u> court order, not whether he believed he was subject to a <u>valid</u> court protection order." <u>United States v. Thomas</u>, No. 3:20-CR-634, 2022 WL 1803339, at *2 (N.D. Ohio, June 2, 2022).

Nor can the Defendant rely on a legal decision unknown and non-existent at the time of the false statement as a defense to § 922(a)(6). In <u>United States v. Morales</u>, 687 F.3d 697 (6th Cir. 2012), a defendant pursued a "good faith" defense against a § 922(a)(6) violation, arguing that he did not "knowingly" violate the statute as he reasonably believed that he could lawfully purchase a firearm on behalf of another person. <u>Id</u>. at 701. In support, the defendant sought to admit into evidence a 1979 ATF circular which, according to the defendant, stated that the law did not prohibit a dealer from selling a firearm to a person who was purchasing it on behalf of another person. <u>Id</u>. The Sixth Circuit found no abuse of discretion in the district court excluding the ATF circular as the circular was outdated and unknown to the defendant at the time of the offense. <u>Id</u>. at 702.

In the present matter, the Defendant filled out the ATF form on June 18, 2022. <u>Bruen</u> was not decided until June 23, 2022, and this Court's Order [DE # 33] was not issued until February 2, 2023, over seven months after the Defendant made the false statement. The Defendant can neither rely upon the later-determined constitutional

5

infirmity of § 922(g)(8) nor invoke it as a defense to § 922(a)(6) as § 922(g)(8) had "not prior thereto been declared invalid." Cassity at 1322. The fact of the matter is that on June 18, 2022, the firearms transaction would not have "ensued" had the licensed dealer known of the Defendant's misrepresentation or DVO. See Kungys at 775.

If the Defendant were permitted to pursue a defense as to "materiality" based on the constitutionality of § 922(g)(8), the United States could suffer potential undue prejudice. The United States has filed a notice of appeal related to § 922(g)(8). If the United States were able to succeed on appeal, this would render the Defendant's argument as to "materiality" meritless; however, any such appellate ruling is unlikely to occur prior to trial, at which point the United States would be without any remedy if the Defendant were permitted to pursue his suggested defense at trial.

Precluding such a defense or argument at trial is consistent with Sixth Circuit case precedent as well as this Court's Memorandum Opinion and Order. [DE # 33]. The United States submits that the Court's Order highlights the same body of case law in denying the Defendant's motion to dismiss the § 922(a)(6) violation and, therefore, has effectively already precluded the Defendant from pursuing such a defense moving forward. A motion in limine extends this reasoning to the evidence to be admitted at any potential trial on the § 922(a)(6) violation.

## **CONCLUSION**

A later-determined constitutional infirmity to 18 U.S.C. § 922(g)(8) does not provide a defense to nor undermine the materiality of a false statement made in violation

of 18 U.S.C. § 922(a)(6). The United States, therefore, respectfully requests the Court to preclude the Defendant from arguing or presenting evidence regarding the constitutionality of § 922(g)(8) at trial as a defense to the materiality element under § 922(a)(6).

Respectfully Submitted,

CARLTON S. SHIER, IV
UNITED STATES ATTORNEY

By: /s/ Francisco J. Villalobos II
Assistant United States Attorney
260 West Vine Street, Suite 300
Lexington, KY 40507
(859) 685-4847
(859) 233-2747 FAX

CERTIFICATE OF SERVICE

I hereby certify that on February 13, 2023, I electronically filed this document with the clerk of the court through the CM/ECF system, which will send the notice of electronic filing to all counsel of record.

/s/ Francisco J. Villalobos II
Assistant United States Attorney
260 West Vine Street, Suite 300
Lexington, KY 40507
(859) 685-4847
(859) 233-2747 FAX