UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 5: 22-136-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| SHERMAN KELVIN COMBS, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

**\*\*\*   \*\*\*   \*\*\*   \*\*\***

Defendant Sherman Combs has been charged with knowingly making a false or fictitious statement to a federally licensed firearms dealer in violation of 18 U.S.C. § 922(a)(6). [Record No. 5] Count 1 of the indictment, charging Combs for violating 18 U.S.C. § 922(g)(8), was dismissed as unconstitutional. [Record No. 33] The United States has now filed a motion *in limine*, seeking to preclude Combs from discussing the unconstitutionality of section 922(g)(8) during trial. [Record No. 37] Combs argues, however, that: (1) materiality is "an essential element," which the government must prove beyond a reasonable doubt to the jury; and (2) falsely denying his status as a person subjected to a domestic violence order ("DVO") is immaterial to the lawfulness of the sale. [Record No. 38]

Section 922(a)(6) of Title 18 requires that the United States prove: "(1) the defendant knowingly made (2) a false or fictitious oral or written statement that was (3) material to the lawfulness of the sale or disposition of a firearm, and was (4) intended to deceive or likely to deceive a firearms dealer." *United States v. Harvey*, 653 F.3d 388, 393 (6th Cir. 2011). Combs

- 1 -

appears to agree that materiality is a question of law, but he also argues that "the question of materiality must be decided by the jury." [*See* Record No. 38, pp. 5-7.]

As an initial matter, the undersigned concludes that the materiality issue in section 922(a)(6) is a question of law for the Court to decide. *United States v. Klais*, 68 F.3d 1282 (11th Cir. 1995) ("Whether the identity of the purchaser is a fact material to the lawfulness of the transaction (that is, whether the lawfulness of a firearms sale can hinge on the identity of the purchaser) is purely a question of law.  It should not have been submitted to the jury."). The United States Court of Appeals for the Eleventh Circuit provides the following jury instruction for section 922(a)(6):

> The Defendant can be found guilty of this crime only if all the following facts are proved beyond a reasonable doubt:
>     (1) the Defendant bought or tried to buy a firearm from a federally licensed firearms dealer;
>     (2) the Defendant [knowingly made a false or fictitious statement, orally or in writing] [knowingly furnished false identification] that was [intended to deceive] [likely to deceive] the dealer; and
>     (3) the subject matter of the false [statement] [identification] was material to the lawfulness of the sale. . . .
>     Whether the allegedly false [statement] [identification] is "material" is a question of law for the court to decide.  If you find the [statement] [identification] in this case is false, then it was material to the sale.[1]

This determination is bolstered by the Sixth Circuit's determination that a district court did not err in providing a similar instruction when the defendant was charged pursuant to section 922(a)(6) under a straw man theory.[2]  The jury instruction in that case provided:

---

[1]     The Sixth Circuit has not provided a pattern jury instruction for 18 U.S.C. § 922(a)(6).

[2]     A "straw man" or "straw purchaser" is an individual who buys a gun on behalf of another.

- 2 -

> The materiality of the alleged false statement is not a matter with which you are concerned, but rather is a question for the Court to decide.  You are instructed that the alleged false statements described in the indictment, if proved, did relate to a material fact. It is for you to decide whether the statement was in fact made and whether the statement was false or fictitious and likely to deceive.

*United States v. Stewart*, No. 90–3037, 1990 WL 47372, at *2 (6th Cir. Apr. 16, 1990).

Thus, the next issue for the Court's determination is whether Combs' denial of being subject to a domestic violence order was material to the lawfulness of the sale.  Combs argues that it was lawful for him to purchase a firearm even if he was subjected to a domestic violence order; therefore, a statement regarding the DVO had no bearing on the *lawfulness* of the sale. Neither party argues that there would be a materiality problem if the United States Supreme Court had not issued its decision in *New York State Rifle & Pistol Ass'n. v. Bruen*, 142 S. Ct. 2111 (2022).  Combs' argument, therefore, creates an implicit threshold question: whether a ruling that subsequently declared 922(g)(8) unconstitutional relates back to the time of Combs' alleged purchase.

As this Court indicated previously, Combs' situation is similar to a defendant lying about being a felon, even if his previous felony conviction was later ruled unconstitutional. [Record No. 33]  The Sixth Circuit has "decided that if a felony conviction is not disclosed at the time the firearm is purchased, there would be a violation of 922(a)(6) even though later the conviction is found to be infirm for constitutional reasons."  *United States v. Fryer*, 545 F.2d 11 (6th Cir. 1976) (citing *Cassidy v. United States*, 521 F.2d 1320, 1322 (6th Cir. 1975)).

Combs argues in his response to the United States' motion *in limine* that section 922(g)(8) was unconstitutional *ad initio* (i.e., void from its inception).  *See Norton v. Shelby County*, 118 U.S. 425, 442 (1886) ("An unconstitutional act is not a law; it confers no rights;

- 3 -

it imposes no duties; it affords no protection; it creates no office; it is, in legal contemplation, as inoperative as though it had never been passed."). But "[n]umerous courts are in agreement that *Norton* represents the old rule as to the effect of an unconstitutional statute." *Perlstein v. Wolk*, 844 N.E.2d 923, 930 (Ill. 2006); *see also Ryan v. County of DuPage*, 45 F.3d 1090, 1094 (7th Cir. 1995) ("[T]he doctrine has been abandoned."). *Cf. Ruhlman v. Brunsman*, 664 F.3d 615, 622 (6th Cir. 2011) (citing *Chicot Cnty. Drainage Dist. v. Baxter State Bank*, 308 U.S. 371, 374 (1940)). "[B]road statements as to the *effect* of a determination of unconstitutionality must be taken with qualifications." *Chicot Cnty. Drainage Dist.*, 308 U.S. at 374 (emphasis added).

In *Chicot County Drainage District*, the Supreme Court clarified that "[t]he actual existence of a statute, prior to such a determination, is an operative fact and may have consequences which cannot justly be ignored. The past cannot always be erased by a new judicial declaration." 308 U.S. at 374. *See also Ryan*, 45 F.3d at 1094 (indicating that an unconstitutional criminal statute was an operative fact, and an arrest under that statute was an effect that could not be challenged even if the underlying criminal statute was unconstitutional). Here, section 922(g)(8) is unconstitutional, and Combs is not being prosecuted at this point under this statutory section even though he allegedly possessed a firearm prior to this Court's determination. Section 922(a)(6) concerns the *effect*, not the unconstitutional section 922(g)(8) itself. Instead, 922(g)(8)'s "actual existence" at the time Combs allegedly purchased a firearm was an operative fact, and the consequences cannot justly be ignored. In short, section 922(g)(8)'s unconstitutionality is a shield to Combs' prosecution

under that section, but it is not a ground for challenging the materiality of his alleged false statement under section 922(a)(6).

But even under the strict *Norton* rule, Combs' statement was material to the lawfulness of the sale independent of section 922(g)(8).  To conduct a legal firearm transaction, the buyer *and seller* must satisfy various requirements.  *See Abramski v. United States*, 573 U.S. 169, 190 (2014) (indicating a false statement, "imped[es] the dealer's ability to carry out its legal responsibilities.").  The seller's responsibility includes responding appropriately to the buyer's proffered information.   For example, a seller may be exposed to liability for negligent entrustment "when the seller knows, or reasonably should know, the person to whom the product is supplied is likely to, and does, use the product in a manner involving unreasonable risk of physical injury to the person or others."  15 U.S.C. § 7903(5)(B).  *Cf. Boles v. United States*, 3 F. Supp. 3d 491, 497 (M.D. N.C. 2014) ("Count III alleges negligence *per se* as to unnamed Coast Guard employees for returning Porter's firearms to him in violation of § 922(d)(8) of the Act."); *Abramski*, 573 U.S. at 189 ("Accordingly, had [the seller] known [the purchaser] was a straw, it could not have certified, as Form 4473 demands, its belief that the transfer was "not unlawful.").  A seller has a right to truthful information and may refuse to sell a firearm to avoid liability.

Based on the foregoing analysis, it is hereby

**ORDERED** that the United States' motion *in limine* [Record No. 37] is **GRANTED**. The parties may not raise, discuss or mention the constitutionality, or unconstitutionality, of 18 U.S.C. § 922(g)(8) during the trial of this action, either directly or indirectly.

Dated:  February 21, 2023.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky