UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 5: 22-136-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| SHERMAN KELVIN COMBS, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Defendant Sherman Combs is currently charged with one count of making a false statement in connection with the acquisition of a firearm in violation of 18 U.S.C. § 922(a)(6). United States Magistrate Judge Matthew Stinnett conducted a hearing and subsequently ordered Combs' continued detainment because he concluded that "no condition or combination of conditions will reasonably assure the safety of either the community or [Combs'] family." [Record No. 55] Thereafter, Combs moved to revoke the Detention Opinion & Order. [Record No. 56] The motion will be granted because adequate conditions exist to ensure the safety of others and Combs' deteriorating health are compelling reasons for release.

### I.     Background

The Harrison County Family Court issued a Domestic Violence Order (DVO) against Defendant Combs on June 15, 2022. The DVO prohibited him from "harassing, stalking, or threatening an intimate partner," and "explicitly prohibited the use, attempted use, or threatened use of physical force against such intimate partner that would reasonably be expected to cause bodily injury." [*Id.*] A few days later, Combs allegedly purchased a .357

Magnum revolver from a licensed firearms dealer after falsely stating on the application that he was not subjected to a DVO. [*Id.*]

The United States charged Combs with one count of being a prohibited person in possession of a firearm in violation of 18 U.S.C. § 922(g)(8), and one count of knowingly making a false statement to a firearms dealer "which statement was intended and likely to deceive [the] dealer as to a fact material to the lawfulness of the sale and acquisition of [the] firearm" in violation of 18 U.S.C. §922(a)(6). [Record No. 1]  The government moved for a pretrial detention hearing during Combs' initial appearance on December 6, 2022. [Record No. 51] However, Combs "elected to defer his right to a detention hearing pending resolution of [his] state court charges." [*Id.*]

Combs later moved to dismiss the indictment, which was referred to Magistrate Judge Stinnett for issuance of a Report and Recommendation. [Record Nos. 23, 27] Contrary to the Magistrate Judge's recommendation, the undersigned dismissed Combs' §992(g)(8) charge as unconstitutional pursuant to the Supreme Court's holding in *New York State Rifle & Pistol Ass'n. v. Bruen*, 142 S. Ct. 2111 (2022). [Record No. 33]  Both parties appealed, and "[b]oth Counts against the Defendant are currently before the [United States Court of Appeals for the Sixth Circuit]." [Record No. 56, p. 1, n.1]

Following the initial activity and motion practice, Combs posted bond in his pending state court case and then asked this Court to schedule a pretrial detention hearing which was held before Magistrate Judge Stinnett on April 11, 2023. [Record No. 51] The United States called Donna Combs to offer testimony to support its argument that the defendant poses a risk of danger to himself and others in the community.  The defendant offered testimony by: (1)

Ricky Green, a friend and chief of a Pike County volunteer fire department; and (2) Rebecca Johnson, the defendant's sister. After full evaluation of this testimony, Magistrate Judge Stinnett ordered Combs' continued detainment. Defendant Combs then filed the current motion to revoke the detention order pursuant to 18 U.S.C §3145(a).

During the hearing held on May 19, 2023, the parties' arguments were largely identical to those presented to Magistrate Judge Stinnett. The defendant argues *inter alia* that (1) Combs' mental and physical health is deteriorating; (2) he will be incarcerated presumably longer than his purported range under the United States Sentencing Guidelines due to pending appeals; and (3) Mr. Green's willingness to monitor Combs reasonably assures the safety of others. The United States contends that the factors enumerated in 18 U.S.C. § 3142(g) support detainment, including Combs' past behavior and circumstances surrounding his arrest.

Following the hearing on May 19, 2023, the Court received additional information from Defendant Combs' sister regarding his continuing, deteriorating health. The Court then requested additional information from the United States Marshal's Service. And after receipt of that supplemental information, an additional hearing was held on this date to receive further input from the parties concerning the updated information.

## II.    Standard

A defendant "ordered detained by a magistrate judge" may seek revocation of the detention order in "the court having original jurisdiction over the offense." 18 U.S.C. § 3145(b). However, this Court reviews the magistrate judge's detention order *de novo*. *United States v. Paniagua*, 2019 U.S. Dist. LEXIS 22259, at *5 (E.D. Ky. Feb. 12, 2019) (citations omitted). Accordingly, the undersigned "review[s] the evidence before the magistrate and make[s] its own independent determination [regarding] whether the

magistrate's findings are correct, with no deference." *Id.* (quoting *United States v. Koenig*, 912 F.2d 1190, 1193 (9th Cir. 1990)).

### III. Discussion

A defendant may be detained pending trial only if a court "finds that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of any other person and the community." 18 U.S.C. §3142(e); *see also United States v. Carpenter*, No. No. 22-5933, 2023 U.S. App. LEXIS 2386, at *7 (6th Cir. Jan. 30, 2023) ("Even if the court concludes that the defendant is . . . a danger to others and the community, he must be released if there is a 'condition or combination of conditions [that] will reasonably assure . . . the safety of any other person and the community.'" (citing 18 U.S.C. § 3142(e)(1))).[1] The United States conceded that Combs does "not pose a risk of nonappearance." [Record No. 55, p. 5, n.3] It contends, however, that Combs poses a risk of danger to the community, specifically to his children and to Donna Combs.

The presumption of detention does not apply in this case because Combs' alleged offense does not fall within the 18 U.S.C. § 3142 enumerated crimes. The government, therefore, must prove "by clear and convincing evidence that the defendant poses a danger to the public or any person." *United States v. Flores*, No. 20-11, 2021 U.S. Dist. LEXIS 13236, at *3 (E.D. Ky. Jan. 25, 2021) (citing *United States v. Hinton*, 113 F. App'x 76, 77 (6th Cir. 2004)); *see also United States v. Jones*, 22-cr-335, 2022 U.S. Dist. LEXIS 202714, at *2 (N.D.

---

[1] "[T]here can be no detention hearing–and therefore no detention–unless an [18 U.S.C § 3142] (f)(1) or (f)(2) criterion is met." *United States v. Gaston*, No. 21-CR-36, 2021 WL 1170201, at *2 (N.D. Ind. Mar. 26, 2021). A detention hearing was proper in this case because §922 (a)(6) "involves the possession or use of a firearm[.]" 18 U.S.C. §3142(f)(1)(E).

Ohio Nov. 7, 2022) ("In the absence of a presumption of detention, the government bears the burden of proving by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of any other person or the community.").

The Court considers the following factors in determining whether there are conditions of release that will "reasonably assure" safety of the community: "(1) the nature and circumstances of the offense; (2) the weight of the evidence; (3) the history and characteristics of the defendant; and (4) the nature and seriousness of the danger to any person or the community." *United States v. Vasilakos*, 508 F.3d 401, 410-11 (6th Cir. 2007) (citing 18 U.S.C. § 3142(g)(1)-(4)). "[C]onsideration of these factors shall not be construed to modify or limit the presumption of innocence." *United States v. Stone*, 608 F.3d 939, 946 (6th Cir. 2010) (citing 18 U.S.C. § 3142(j)).

### A. The 18 U.S.C. § 3142(g) Factors

As noted, the Court first considers "the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device." 18 U.S.C. § 3142(g)(1). Here, Combs is charged with violating 18 U.S.C. § 922(a)(6) by failing to disclose to a federally licensed firearms dealer that he was/is subjected to a DVO.

Donna Combs[2] testified that she sought a DVO after the defendant became increasingly aggressive towards her and their children. [*See* Detention Hearing at 20:48-21:44, *United States v. Combs*, No. 22-136 (E.D. Ky. April 11, 2023).] Combs' behavior on one occasion

---

[2] The Combs are presently divorced but were married during some of the events outlined in this opinion.

included yelling at their children and throwing items against the family home. *Id.* at 17:45. Donna Combs gathered their children, left their house, and called the police, resulting in Combs' 72-hour hold at Eastern State Hospital. *Id.* at 18:51-19:51.

Defendant Combs was later released, and Donna Combs moved from the family home after disposing of numerous firearms. *Id.* at 23:50-25:44. Donna Combs and her oldest son, who was over 18 years old at the time, petitioned for and received a DVO after the defendant tried to locate them. *Id.* at 26:10-27:20. The DVO prohibited Combs from possessing a firearm or contacting his family, but he allegedly violated the terms of the DVO three days later. *Id.* at 27:30-31:10, 43:22-43:40. The defendant allegedly lied on a firearm application to acquire a .357 revolver and continued to contact Donna Combs and their children. *Id.* He was subsequently arrested after violating the terms of the DVO. *Id.*

Next, the Court considers the weight of the evidence against Defendant Combs. 18 U.S.C. § 3142(g)(2). This factor concerns "the weight of the evidence of dangerousness, not the weight of the evidence of the defendant's guilt," *United States v. Stone*, 608 F.3d 939, 948 (6th Cir. 2010). The Court also evaluates the defendant's history and characteristics including his "character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings." 18 U.S.C. § 3142 (g)(3)(A). Finally, the undersigned considers the nature and seriousness of the danger to any person or the community that would be posed by Defendant Combs' release. 18 U.S.C. § 3142(g)(4).

Combs does not have a history of failing to appear at court proceedings and he does not have a history of known drug or alcohol abuse. He was gainfully employed prior to arrest and

was not "on probation, on parole, or on other release pending trial" when he was arrested. *See* 18 U.S.C. §3142(g)(3)(B).

Notwithstanding these positive characteristics, it is undisputed that Defendant Combs' mental condition has significantly deteriorated over the past few years. Donna Combs testified that the defendant became irrational, aggressive, and extremely paranoid prior to his arrest. [*See* Detention Hearing at 20:48-21:44, *United States v. Combs*, No. 22-136 (E.D. Ky. April 11, 2023).] Combs disclosed during May 2022 medical appointments—which Donna Combs attended—that he was suicidal and homicidal and failed to take his mental health medication. *Id.* at 11:53-13:05. Donna Combs further testified that she feared the defendant would locate her and their children. As a result, she has moved ten times in the past year. *Id.* at 41:00-42:53.

### B.   The Defendant's Proposed Reasons and Conditions of Release

Defendant Combs proffered a proposed plan for release, supported by two witnesses who indicated that they did not believe he is a danger to himself or the community. [*See* Detention Hearing at 54:30-56:00, 1:01:10-1:01:20, *United States v. Combs*, No. 22-136 (E.D. Ky. April 11, 2023).] In fact, the defendant's sister, Rebecca Johnson, testified before the Magistrate Judge that Combs has not expressed a suicidal or homicidal inclination since his incarceration. She did express, however, concern for Combs' physical and mental health if detainment continued. *Id.* at 1:01:05-1:01:15, 1:03:57-1:04:30.

Next, Ricky Green, chief of a volunteer fire department in Pike County, testified that Combs could reside in an apartment above a fire station and volunteer at a nearby community center. *Id.* at 50:10-50:30, 52:10-53:00. Green indicated that he would ensure that Combs

receives mental health treatment and that he would not have access to firearms. *Id.* at 51:15-57:40.[3] Mr. Green further agreed to check on Combs multiple times per day. *Id.*

As outlined above, proposed conditions of release require that Combs strictly abide by restrictions, which he allegedly failed to do while subjected to the DVO. *See United States v. Hir*, 517 F.3d 1081, 1092 (9th Cir. 2008) (rejecting defendant's request to be released pending sentencing hearing because of the "unacceptably high risk" that defendant would not comply in good faith with conditions of release); *see also United States v. Pacheco*, No. 21-CR-00022, 2021 WL 5979531, at *1 (E.D. Ky. Dec. 17, 2021) ("[C]ondition effectiveness inherently hinges on a defendant's predicted good faith compliance."). Green—as the individual who would be monitoring Combs—reasonably assures the Court that the defendant will comply with implemented restrictions. *See* 18 U.S.C. § 3142(c). Further, Combs expressed a willingness to wear an ankle monitor and comply with restrictions, especially avoiding interaction with Donna Combs and their children.

The defendant next asserts that his medical needs require pretrial release, and his trial has been significantly delayed considering his purported sentence under the United States Sentencing Guidelines. [Record No. 56] A "judicial officer may . . . permit the temporary release of the person, in the custody of a United States marshal or another appropriate person, to the extent that the judicial officer determines such release to be necessary for preparation of the person's defense or for another compelling reason." 18 U.S.C. § 3142(i).[4] Defendant

---

[3] Mrs. Johnson also indicated a willingness for Combs to live with her but preferred Mr. Green's proposed plan. *Id.* at 1:01:10-1:02:50.

[4] "Several courts in the Sixth Circuit have recognized that § 3142(i) applies . . . to a criminal defendant seeking release pending trial." *United States v. Roscoe*, 455 F. Supp. 3d 449, 454 (E.D. Mich. 2020).

Combs contends that his sentence range under the United States Sentencing Guidelines is a projected six to twelve months. Yet, if Combs remains incarcerated pending resolution of the parties' appeals, he will be imprisoned beyond the presumed guideline range.

Further, Combs' physical and mental health are declining while in custody at state facilities during incarceration. Combs contends that he has requested mental health treatment five times while in jail. His sister further states that the county jail has failed to provide Combs with his prescribed mental health medication. Some of these assertions were corrected by information obtained by the United States Marshal's Service from the Clark County Detention Center. However, serious medical and mental health issues persist. In the undersigned's opinion, these issues would be better addressed outside a custodial setting. Although the rate of loss is declining, Combs has lost approximately sixty-five pounds in less than a year. His mental health issues have improved with medication which he represents will continue upon release.

### IV.   Conclusion

After weighing the factors listed above, the undersigned concludes that Defendant Combs has provided compelling reasons for release and conditions now exist to reasonably assure adequate community protection upon Combs' pretrial release.

Accordingly, it is hereby

**ORDERED** as follows:

1. Defendant Combs' motion [Record No. 56] is **GRANTED**.

2. Defendant Combs will be released on Tuesday, May 23, 2023, in accordance with the conditions announced during the hearing held this date. These conditions include (but are not limited to) the following: the defendant will be subject to home incarceration with

electronic monitoring under the third-party supervision of Rick Green. The defendant is prohibited from contacting Donna Combs or his children and he is prohibited from possessing or attempting to possess a firearm or dangerous weapon. He must also fully comply with medical and mental health treatment from legal providers of such treatment.

Dated: May 22, 2023.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky